SMITH v. C. & N. W. R. Co., GARNISHEE.

1. **Garnishment:** ANSWER OF GARNISHEE: EXEMPTION OF EARNINGS. Where the garnishee answered that it owed the debtor, but that it was *informed and believed* that he was a married man, living with his family, and that its debt to him was for personal earnings within ninety days next preceding the garnishment, *held* that such answer (waiving the question of its materality, as coming from the garnishee), was not suf-ficient to show that the earnings were exempt, since it did not allege as a *fact* that the debtor was the head of a family, nor that he was a resi-dent of this State.   Code, §§ 3072-3074.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, DECEMBER 14.

THE Chicago & Northwestern Railway Company was garnished as a debtor of Jacob Kernes.   Upon the answer of the company judgment was rendered against it for $45.50. The railway company appeals.

*Wright & Baldwin,* for appellant.

*John Lindt,* for appellee.

BECK, J.—The amount in controversy not exceeding one hundred dollars, the judge who tried the cause certified the following questions:

"1. In a proceeding by garnishment, where no personal service is had upon the defendant in the main case, but service is made by publication, the garnishee, a railway corporation, appears and makes answer; no pleading is filed controverting the answer of the garnishee. The answer of the garnishee contains the following allegations, to-wit: That the garnishee has the sum of fifty-four dollars in its possession belonging to the defendant; that said amount of money was due the defendant as wages earned by the defendant while in the service of the garnishee, within ninety days next preceding the date of the levy, and that the garnishee is informed and believes that the defendant is a married man living with his family, and that all the said amount of money due to the defendant from the garnishee is exempt from garnishment, leaving nothing in the possession of said garnishee due to the defendant subject to garnishment. Will such allegations be a good and sufficient plea of the exemption of the defendant?

"2. In such a case as above stated, is it the duty of the garnishee, and does it have the right, to plead the exemption of the defendant, and where it had failed to so plead the exemptions of the defendant, would a judgment rendered against it relieve it from all and any further liability to the defendant in the main case?"

Under the statutes of this State there is exempt to the debtor, if a resident of the State and the head of a family, his earnings for his personal services, or those of his family, within ninety days preceding the levy of an execution or an attachment. Code, §§ 3072 and 3074. If the debtor be not the head of a family, or a non-resident, there is exempt

to him only his ordinary wearing apparel and trunk necessary to contain it.    Code, § 3075.

The answer of defendant is insufficient in two respects. It does not allege as a fact that the debtor, Jacob Kernes, is the head of a family.    It simply alleges that the garnishee is informed and believes that the debtor is a married man living with his family.    If this allegation had been denied the issue which would have been joined would have been as to whether the garnishee had been informed and believed that Jacob Kernes was a married man living with his family. Now it is evident that it is altogether immaterial as to what the defendant had been informed and believed respecting this matter.    It is not competent for the defendant to prove that it had been informed and believed that Jacob Kearns was a married man living with his family.    The material inquiry is, was he in fact the head of a family.    But a more fatal objection to the answer is, that it nowhere alleges that Kerns is a resident of this State.    If Kerns is a non-resident of the State, his personal earnings for ninety days preceding the levy of an attachment or execution are not exempt under the statutes of this State.    It follows that the answer of the garnishee does not set up a state of facts entitling the debtor to exemption.    The finding of the answer of the garnishee insufficient, is decisive of this case.    The remaining questions, touching the duty and right of the garnishee to plead the exemption of the debtor, and the consequence of a failure to do so, would arise more properly if the debtor should sue the garnishee for the debt.    They are not necessary to a determination of the present case, and they ought not to be determined in a proceeding to which the debtor is not a party.

AFFIRMED.